## YONE SUZUKI et al. v. CENTRAL ARGENTINE R. CO., Limited.

District Court, S. D. New York. February 29, 1924.

Shipping ⟐181(4)—Delay of vessels in proceeding to docks, due to variation of tide, is "hazard of shipowner."

Delay of vessels in proceeding to docks, resulting from low water in roads leading to basins within the harbor, and attributable to the variation of tide, constitutes a "hazard of shipowner," in determining time when vessels arrive at discharging port.

In Admiralty. Libel by Yone Suzuki and others, copartners doing business under the name of Suzuki & Co., against the Central Argentine Railroad Company, Limited. Exceptions to certain articles of answer overruled.

Hunt, Hill & Betts, of New York City (George C. Sprague and E. F. Rapallo, both of New York City, of counsel), for libelants.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (John M. Woolsey, L. De Grove Potter, and Edwin Serre Murphy, all of New York City, of counsel), for respondent.

KNOX, District Judge. A consideration of the charter party upon which libelants claim leads me to believe that the phrase, "at or off discharging port," therein contained, was not meant to cover a possible distance of some 40 miles, particularly when the agreement also provided that the ship should go to "Buenos Aires, Argentine, or as near thereunto as she may safely get and always lie afloat." It is to be remembered that the vessels could and did safely reach the specified places of discharge.

The reason for the delay of the vessels in proceeding to the docks seems to have been low water in the roads leading to the basins within the harbor of Buenos Aires. This, as I understand, was attributable to the variation of the tide, and was therefore a hazard of the shipowner. The vessels, in consequence, cannot fairly be said to have "arrived" at their discharging port at the time for which libelants contend.

Admittedly a fairly plausible argument can be made to the contrary, but, if followed to the limit of its possibilities, at least so far as the port of Buenos Aires is concerned, it would impose upon a reasonable construction of the terms of the charter party.

The exceptions filed to the sixteenth and eighteenth articles of the respondent's answer will be overruled. Aside from my views upon the question of law presented, I think a like result should be reached from the standpoint of discretion and expediency. The appellant court will thus be afforded an opportunity to consider, if it desires so to do, such evidence of customs of the port as may be introduced by respondent upon the trial, and which, if I were to sustain the exceptions, would not be contained in the record. The likelihood of the case being sent back for retrial in this court is thereby avoided.